United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JORGE C. RIOS,

    Plaintiff,

    v.

FRANK WEAVER, MARTINEZ DETENTION FACILITY, JOHN DOES,

    Defendants.

No. C 06-2738 MMC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

On April 21, 2006, plaintiff, an inmate at the Martinez Detention Facility ("MDF") and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983, claiming that the MDF law library is inadequate and that he has received inadequate dental care at MDF. By separate order filed concurrently herewith, he has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be

1 liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Claims**

    1.     Law Library

Plaintiff alleges the MDF law library does not provide interpretive services to "Spanish speaking" inmates such as himself. In order to protect their prisoners' right of access to the courts, prison officials must ensure that inmates "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." See Lewis v. Casey, 518 U.S. 343, 356 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To do so, prisons must have a legal access program, which typically consists of law libraries or legal assistants; in some instances, because of an inmate's special situation, e.g., illiteracy or inability to communicate in English, a law library or other program may not itself be sufficient See Lewis, 518 U.S. at 356. Any claim for a violation of the right of access to the courts requires, however, that the inadequacy in the prison's legal access program have caused the inmate an actual injury. Id. at 350-55. To prove an actual injury, the prisoner must show the claimed inadequacy hindered his efforts to pursue a non-frivolous claim regarding his conviction or conditions of confinement. See id. at 354-55. Consequently, in order to state a cognizable claim against an MDF official[1] with respect to the lack of Spanish language interpreters in the law library, plaintiff must identify the non-frivolous claims pertaining to his conviction and/or conditions of confinement that he was prevented from filing. Plaintiff will be granted leave to amend this claim to include such an allegation, provided he can do so in good faith.

---

[1] Plaintiff names "Frank Weaver, Law Librarian" as a defendant, and the Court assumes this is the individual plaintiff claims is responsible for the inadequate Spanish language services in the law library.

2

Additionally, the Court notes that plaintiff does not indicate in his complaint whether he is a pretrial detainee or a convicted prisoner.  If he is a pretrial detainee, an offer of court-appointed counsel to represent him in connection with the criminal prosecution satisfies the government's obligation to provide meaningful access to the courts.  See United States v. Wilson, 690 F.2d 1267, 1272 (9th Cir. 1982).  Accordingly, in order to cure the deficiencies in this claim, plaintiff must also allege, provided he can do so in good faith, either that he is not a pretrial detainee or that he has not been offered court-appointed counsel in connection with the pending prosecution.

2.  Dental Care

Plaintiff alleges that when he sought dental care at MDF, the dentist removed the wrong tooth because the MDF triage employee did not speak Spanish.  Deliberate indifference to serious medical needs, which may include dental care, violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  Liberally construed, plaintiff's allegations would state a cognizable claim for relief, but for the fact that plaintiff has not named as a defendant the triage employee or any other person who might be responsible for the alleged deficiency in his dental care.  Plaintiff does include two Doe defendants in the complaint, identified as "John Doe Facility Medical Officer" and "John Doe Facility Commander." The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, however.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968).  Because situations may arise where the identity of alleged tortfeasors cannot be known prior to the filing of a complaint, plaintiff will be given an opportunity through discovery to identify these unknown individuals.  See Gillespie, 629 F.2d at 642; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  Specifically, plaintiff will be granted leave to take discovery and leave to file an amended complaint in which he provides the name and location of the MDF employees he alleges were deliberately indifferent to his serious medical needs.

**CONCLUSION**

In light of the foregoing, the Court hereby orders as follows:

1. Within **sixty (60) days** of the date this order is filed, plaintiff may file an amended complaint, **using the court's form civil rights complaint,** for purposes of curing the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 06-2738 MMC (PR)), and the title "AMENDED COMPLAINT." An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Accordingly, if plaintiff wishes to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve. **If plaintiff fails to timely file an amended complaint in conformity with this order, this action will be dismissed.**

2. Discovery may be taken in accordance with the Federal Rules of Civil Procedure, and no further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required.

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: October 4, 2006

_____
MAXINE M. CHESNEY
United States District Judge